UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/2020

---

QS HOLDCO INC.,

Plaintiff,

-v-

BANK OF AMERICA CORPORATION *et al.*,

Defendants.

---

No. 18-cv-824 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On August 6, 2019, the Court granted Defendants' motion to dismiss the operative complaint in this action on the grounds that, since Plaintiff no longer owns the claims it seeks to assert, it is not the real party in interest under Federal Rule of Civil Procedure 17(a). (Doc. No. 102 ("Opinion" or "Op.").) The Clerk of Court entered judgment in favor of Defendants the following day. (Doc. No. 103.) On September 3, 2019, Plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 60(b) and 59(e) asking the Court to (1) vacate the Court's judgment so that Plaintiff might amend its complaint, or (2) in the alternative, amend the judgment so that Plaintiff might pursue its claims under New York law in state court. (Doc. No. 104.) On September 10, 2019, the Court denied Plaintiff's motion as to vacating the judgment and allowing Plaintiff to amend, but asked for briefing from Defendants regarding Plaintiff's argument that the Court should amend its August 6, 2019 order to dismiss the state claims without prejudice. (Doc. No. 107 at 4.) The Court is now in receipt of that submission. (Doc. No. 109.)

As stated in the Court's September 10, 2019 order, to prevail on a Rule 59(e) motion to alter or amend a judgment, a movant must either (1) "present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision" or (2)

"demonstrate the need to correct a clear error or prevent manifest injustice." *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 331 (S.D.N.Y. 2008). The Court assumes the parties' familiarity with that standard, as set forth in the Court's September 10, 2019 order. (Doc. No. 107.) But it bears repeating that Rule 59(e) and Rule 60(b) are extraordinary remedies aimed at correcting clear errors or presenting facts or controlling authority the district court overlooked. (*See* Doc. No. 107 at 2.) *See Johnson v. New York City*, No. 10-cv-5359 (PKC) (JLC), 2011 WL 2471030, at *1 (S.D.N.Y. June 21, 2011) (quoting *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008)) (observing that reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources").

Plaintiff argues that the Court's August 6, 2019 Opinion should be amended to dismiss its state law claims without prejudice. However, during briefing, neither of the parties addressed the issue of whether dismissal of Plaintiff's New York state claims should be with or without prejudice under Rule 17, and the Court's order was silent on the subject. Rule 17 and Rule 41 are also silent as to whether dismissal for failure to prosecute in the name of the real party in interest is to be with or without prejudice.[1]

To be sure, Defendants have not articulated any procedural reason, under either New York or federal law, why Plaintiff may not *attempt* to bring similar claims in state court. Rule 17(a), which was the basis for dismissal, is about limiting access to *federal* courts. Nevertheless, Plaintiff has not provided any authority to suggest that a New York state court would be any less demanding with respect to standing. *See Spencer v. Standard Chemicals & Metals Corp.*, 237 N.Y. 479, 480,

---

[1] Although Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal will be deemed to "operate as an adjudication on the merits," it expressly makes an exception for dismissal based on failure to join a party under Rule 19, which is certainly analogous to dismissal for failure to prosecute in the name of the real party in interest under Rule 17.

(1924) ("If, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest." (internal citation and quotation marks omitted)).

In any event, because Plaintiff has identified no authority that the Court overlooked or that otherwise requires – or even allows – the Court to relieve Plaintiff of final judgment here under either Rule 59(e) or Rule 60(b), IT IS HEREBY ORDERED THAT what remains of Plaintiff's motion is DENIED.

SO ORDERED.

Dated:     January 5, 2020
             New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation